*Clerk's copy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
AT ALBUQUERQUE NM

OCT 1 3 1999

ROBERT M. MARCH
CLERK

GIBSON A. HALL,

    Applicant,

v.

                No. CIV-99-1080 BB/LCS

JOE WILLIAMS,
ATTORNEY GENERAL PATRICIA MADRID,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte, under Rule 4 Governing Section 2254 Cases, for preliminary consideration of Applicant's application for writ of habeas corpus under 28 U.S.C. § 2241, construed herein as an application under 28 U.S.C. § 2254. *Giles v. Merrill,* 322 F.2d 786 (10th Cir. 1963); *Beshaw v. Fenton,* 635 F.2d 239, 241 n.2 (3rd Cir. 1980); *Berry v. Scafe,* No. 98-3194, 1999 WL 89152, at **4 (10th Cir. Feb. 23, 1999). Also under consideration is Applicant's motion for leave to proceed in forma pauperis.

Applicant is a Delaware state convict transferred to New Mexico. He initially was confined at the Central New Mexico Correctional Facility and subsequently was transferred to private facilities in Torrance County and Lea County. He claims all of these transfers were illegal, "rendering [his] present custody and his original Delaware conviction and sentence null and void." Applicant's previous habeas corpus application, *Hall v. Williams,* No. 98-1159 LH/LCS, raised the same claims and was dismissed for failure to exhaust state court remedies. Applicant now alleges he has exhausted his state court remedies, and, for the reasons below, the application will be



dismissed with prejudice.

Applicant's allegations do not support a claim for habeas corpus. Although a habeas proceeding can serve to challenge certain conditions of confinement, *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 & n.15 (1973), such an action must be brought as a civil rights case unless the applicant seeks a "quantum change in the level of custody," *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991), or a reduction of the term of imprisonment. *Id.* at 380. And even though release is sought here, neither the protections of the Great Writ nor those of the Constitution are implicated by a prisoner's transfer to a new location. *Id.* at 381; *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992); *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990); *Meachum v. Fano*, 427 U.S. 215 (1976); *and cf. Green v. Knowles*, No. 98-1008, 1998 WL 458561, at **3 (10th Cir. Aug. 3, 1998) (habeas claim must implicate validity of punishment). This habeas corpus application will be dismissed with prejudice, though Applicant is not precluded hereby from seeking other relief under 42 U.S.C. § 1983. *See Graham*, 922 F.2d at 381-82.

IT IS THEREFORE ORDERED that Applicant's motion for leave to proceed in forma pauperis (Doc. #3) filed September 24, 1999, is GRANTED; Applicant's application for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED; and a final order of dismissal shall be entered in accordance with this opinion.

Bruce D. Black
UNITED STATES DISTRICT JUDGE

2